UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM HACHETT,

    Plaintiff,

v.                          Case No.:  2:24-cv-229-SPC-KCD

NATIONAL SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

Before the Court is Defendant National Specialty Insurance Company's Notice of Removal. (Doc. 1). This is a breach of contract action involving property damage that occurred because of Hurricane Ian. Defendant has removed based on diversity jurisdiction.

In its prior Order, the Court expressly told Defendant it had incorrectly relied on Plaintiff's residency to establish diversity jurisdiction and ordered Defendant to supplement its Notice of Removal to show cause why this action should not be remanded for lack of subject matter jurisdiction. (Doc. 8).

Defendant has not meaningfully supplemented its allegation of Plaintiff's citizenship. Defendant reiterates that the Complaint says Plaintiff is a resident of Florida, but the Court has already told Defendant that "[a] person is a citizen where he is domiciled, not necessarily where he resides."

(Doc. 8). Defendant reiterates that Plaintiff carries homeowner's insurance for a property in Florida, but the Court already knew that from the Notice of Removal. (Doc. 1).

That leaves two more pieces of information—that Plaintiff has a mailing address in Florida (which the Court already knew) and that he has a phone number with a Florida area code. Neither piece of information moves the needle. In fact, the property tax documents provided to establish Plaintiff's mailing address work against Defendant because they do not reflect a Florida homestead exemption.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). And removal statutes are strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

A person's citizenship is determined by their "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). And residency is not the same as citizenship. *Taylor v. Appleton,* 30 F.3d 1365,

1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person"). "Addresses only establish the members' residencies—not their citizenships nor domiciles." *Amerisure Mut. Ins. Co. v. Mammoth Constructors, LLC*, No. 2:23-cv-67-SPC-NPM, 2023 WL 1824981, at *1 (M.D. Fla. Feb. 8, 2023).

Because Defendant has not supplemented its Notice of Removal in any meaningful way, Defendant has not carried its jurisdictional burden.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 10, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record